**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 3, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES BURGER,

    Defendant - Appellant.

No. 20-6197
(D.C. No. 5:18-CR-00260-SLP-48)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

James Burger pled guilty to one count of possession of methamphetamine with intent to distribute.  He was sentenced to 192 months in prison, which was below the advisory sentencing guidelines range.  Although his plea agreement contained a waiver of his appellate rights, he filed a notice of appeal.  The government then filed a motion to enforce the appeal waiver.  Counsel filed a response to the motion pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating his belief that any argument against enforcement of the plea agreement is frivolous and that the appeal waiver is enforceable.  Counsel also filed a motion to withdraw as counsel of record

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for Mr. Burger.  We gave Mr. Burger the opportunity to file a pro se response to show why the appeal waiver should not be enforced.  His response was due on April 13, 2021, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  The government argues that all three of these conditions are met in this case.

Consistent with our obligation under *Anders*, we conducted an independent review of the proceedings.  *See* 386 U.S. at 744.  After doing so, we agree with the government that Mr. Burger's appeal waiver should be enforced under *Hahn*.  We therefore grant the government's motion and dismiss the appeal.  We also grant counsel's motion to withdraw.

> Entered for the Court
> Per Curiam